UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DIGITAL ACCESS, LLC )
a Michigan Limited Liability Company, )
 )
 ) Case No.:
 ) Hon.
Plaintiff, )
v. )
 )
 )
R K CITY FOOD MART, INC. )
an Indiana For-Profit Corporation, )
RAWEL ("GOLDY") SINGH, an individual, and )
ATHENA BITCOIN, INC, )
a California Corporation, )
 )
Defendants. )
_____

**COMPLAINT AND JURY DEMAND**

Plaintiff, DIGITAL ACCESS, LLC, by and through its undersigned attorneys,

states for its Complaint, as follows:

**Jurisdictional Allegations/Parties**

1.      Plaintiff, DIGITAL ACCESS, LLC ("Plaintiff" or "Digital Access") is

a limited liability company duly authorized under the laws of the State of Michigan,

whose principal place of business is located at 1660 N. Telegraph Rd., Dearborn, MI

48128.

2.      The sole members of Digital Access are two individuals who reside in the State of Michigan.

3.      Defendant, R K CITY FOOD MART, INC ("Food Mart"), is a for-profit corporation duly authorized under the laws of the State of Indiana, whose principal place of business is located at 301 N. Lafayette Boulevard, South Bend, IN 46601.

4.      Upon information and belief, Defendant Rawel "Goldy" Singh ("Singh") is the President of Food Mart and resides at 15300 Valentia Drive, Granger, IN 48530.

5.      Defendant ATHENA BITCOIN, INC. ("Athena"), is a corporation duly organized under the laws of the State of Delaware, whose principal place of business is 800 NW 7th Ave., Miami, FL 33136.

6.      The parties are fully diverse as Plaintiff is deemed to be a citizen of the State of Michigan, Defendants Food Mart and Singh are citizens of the State of Indiana and Defendant Athena is a citizen of the State of Delaware.

7.      The amount in controversy exceeds Seventy-Five Thousand and 00/100 Dollars ($75,000.00), exclusive of costs, interest, and attorney fees.

8.      Venue is proper in this jurisdiction because Plaintiff is deemed to be a citizen of the State of Michigan and Defendants are deemed to be citizens of the State of Indiana and of the State of Delaware. 28 U.S.C. § 1332.

9.    Further, Plaintiff and Defendants Food Mart and Singh contractually agreed that Michigan law shall govern any dispute and the contract at issue was executed in Michigan. Defendants have a sufficient nexus to the State of Michigan, making it a proper forum for this suit.

## Common Allegations

10.    Plaintiff hereby re-alleges and incorporates the allegations contained in paragraphs 1 through 9 as though fully set forth herein.

### The South Bend Premises

11.    On or about July 1, 2021, Plaintiff and Defendant Food Mart entered into a site lease agreement (the "Agreement") wherein Plaintiff would provide and service a kiosk/automated teller machine ("Bitcoin ATM") at Defendant Food Mart's business location. (**Exhibit A**, Agreement). In or around July 2021, the Bitcoin ATM was duly placed at the property identified in Paragraph 12.

12.    Defendant's business location is 301 N. Lafayette Boulevard, South Bend, IN 46601 (the "South Bend Premises").

13.    The Agreement provides in relevant part that Defendant Food Mart "shall not enter into any agreements, leases, or license agreements, leases, or license agreements for any portion of the Building (or the property on which the Building is located) which permit the operation and/or use of services of a Bitcoin ATM during the Term or any extension thereof." (**Exhibit A**, § 4).

14.     The Agreement had an initial term of sixty (60) months and gave Plaintiff Digital Access two (2) successive renewal options of sixty (60) months.

15.     The Agreement granted Plaintiff the exclusive right to place and maintain a Bitcoin ATM on the Premises and barred Defendant Food Mart from installing any Bitcoin ATM supplied by any other person or company other than Plaintiff during the term of the Agreement. (**Exhibit A**, § 5).

16.     In or about early March 2024, Defendant Athena solicited and attempted to sell its services to Defendant Food Mart.

17.     Defendant Athena would have had knowledge of Plaintiff's contractual and business relationship with Defendant Food Mart due to the prominent signage on the Bitcoin ATM which was located on the South Bend Premises.

18.     Despite the obvious existence of a business relationship and existing agreement for the Bitcoin ATM, Athena persuaded Defendant Food Mart to breach the Agreement, which Defendant Food Mart agreed to do and did in fact breach. Specifically, Athena placed a competing Bitcoin ATM on the South Bend Premises.

19.     Defendant Food Mart and Athena's relationship resulted in Defendant Food Mart and/or Athena physically removing Plaintiff's Bitcoin ATM from the South Bend Premises in order to make room for Defendant Athena's Bitcoin ATM.

20.     Additionally, in permitting the removal of Plaintiff's ATM to make room for Defendant Athena's Bitcoin ATM on the South Bend Premises, Defendants

Food Mart or Athena, or someone acting on their behalf, broke into the machine to get access to the locks, then they drilled into the locks on Plaintiff's Bitcoin ATM, destroyed the locks, and caused damage to Plaintiff's Bitcoin ATM.

21.     In addition to causing damage to Plaintiff's Bitcoin ATM itself, Defendant Food Mart and/or its agents' actions caused substantial risk of theft by its reckless removal and destruction of Plaintiff's property.

22.     In addition to causing damage Plaintiff's Bitcoin ATM itself, Defendant Athena and/or its agents' actions caused substantial risk of theft by its reckless removal and destruction of Plaintiff's property.

23.     Such action on the part of Defendant Food Mart was a breach of the Agreement, caused by Defendant Athena's intentional interference with the existing business and Agreement between Plaintiff and Defendant Food Mart.

24.     Defendant Food Mart and Athena have refused to terminate their relationship and allow Plaintiff's Bitcoin ATM to remain operable on the South Bend Premises.

25.     As consideration under the Agreement, Plaintiff agreed to pay $300.00 per month to Defendant Food Mart for the first six (6) months, and then $500.00 per month for each month thereafter.  The commission was changed to $100.00 plus 1% of gross sales in or around August 2022.

26.    By allowing another Bitcoin ATM vendor to enter the South Bend Premises and causing the removal and destruction of Plaintiff's Bitcoin ATM, Defendant Food Mart breached the terms of the Agreement.

27.    Under the Agreement, Plaintiff is permitted to elect one of two liquidated damages provisions, which are the greater of a) Fifteen Thousand and 00/100 ($15,000.00) Dollars; or (b) the product derived by multiplying eighty (80%) of the highest month Bitcoin ATM Fees revenue earned by Tenant with respect to the transactions conducted through Bitcoin ATM (or such shorter period If this Lease has not been in effect for one (1) month); by the number of months, or portion thereof, remaining in the then current term of this Lease. (**Exhibit A**, § 16).

28.    Upon information and belief, the highest month Bitcoin ATM fees earned by Tenant with respect to the transactions conducted through Bitcoin ATM was approximately $1,460.56.

29.    At the time of Defendant Food Mart's breach of the Agreement, there were twenty-eight  (2 1/3 years) months remaining on the current sixty-month term of the lease.

30.    Therefore, as a result of Defendant Food Mart's material breach, Plaintiff is entitled to $172,930.60 in liquidated damages as provided in the Agreement. (**Exhibit A**, § 16).

31.    Plaintiff is further entitled to costs and reasonable attorney fees for having to bring this action to enforce the Agreement.

32.    Concurrent with the execution of the Agreement, Defendant Singh executed a Personal Guaranty ("Guaranty"). (**Exhibit B**, Guaranty).

33.    The Guaranty provided, in relevant part, that Defendant Singh guaranteed (A) the complete and timely performance of Landlord's obligations under the Lease; and (B) all costs and expenses of collection (including reasonable attorney fees) incurred by Tenant in connection with the collection of this Personal Guaranty and enforcement of the Lease. (**Exhibit B**).

34.    On March 19, 2024, counsel for Plaintiff sent a demand letter to Defendants demanding removal of the Athena Bitcoin ATM from the South Bend Premises and advising of damage that had occurred to Plaintiff's property. (**Exhibit C**, Demand Letter).

35.    Defendants have failed to take corrective action, necessitating the initiation of this lawsuit.

### The Anderson Premises

36.    Plaintiff is an assignee of a Digital Currency/Crypto Currency Placement Agreement (the "Placement Agreement") between non-party Just Digital, LLC ("Just Digital") and non-party Marathon Gas ("Marathon Gas"). (**Exhibit D**, Placement Agreement). Specifically, on or about June 10, 2024 Just Digital assigned

the Placement Agreement to Plaintiff Digital Access. (**Exhibit E**, Assignment of Placement Agreement in favor of Plaintiff Digital Access – the "Assignment").

37.    The Placement Agreement, entered into and dated November 10, 2020, states that Just Digital would provide and service a kiosk /automated teller machine (the "Second Bitcoin ATM") at Marathon Gas' business location.  (Exhibit D). Pursuant to the Placement Agreement, the Second Bitcoin ATM was duly placed on the premises identified in Paragraph 38 in or about November 2020.

38.    Marathon Gas' business location is 922 E. 38th Street, Anderson, IN 46013 (the "Anderson Premises").

39.    The Placement Agreement provides, in relevant part that Marathon Gas "shall not permit (i) the removal of the [Second Bitcoin ATM] from the Site, (ii) nor allow the installation, whether Location owned or third party owned, of any other [Second Bitcoin ATM's] or similar types of machines that sells and/or buys Digital Currencies at the Site only (whether inside or outside…" (**Exhibit D**, ¶ 4).

40.    The Placement Agreement had an initial term of six (6) months and after the expiration of that term, would automatically renew for three (3) additional periods of thirty-six (36) months.  (**Exhibit D**, ¶ 8).

41.    In or about November 2023, Defendant Athena solicited and attempted to sell its services to Marathon Gas.

42.    Defendant Athena would have had knowledge of Just Digital's contractual and business relationship with Marathon Gas due to the prominent signage on the Second Bitcoin ATM which was located on the Anderson Premises.

43.    Despite the obvious existence of a business relationship and existing agreement for the Second Bitcoin ATM, Athena persuaded Marathon Gas to breach the Placement Agreement.  Specifically, Athena placed a competing Second Bitcoin ATM on the Anderson Premises.

44.    Athena's solicitation of Marathon Gas resulted in Athena physically removing the Second Bitcoin ATM from the Anderson Premises in order to make room for Defendant Athena's Bitcoin ATM.

45.    Additionally, in permitting the removal of the Second Bitcoin ATM to make room for Defendant Athena's Bitcoin ATM on the Anderson Premises, Defendant Athena, or someone acting on its behalf, broke into the Second Bitcoin ATM and drilled into the locks on the Second Bitcoin ATM, destroyed the locks and caused damage to the Second Bitcoin ATM.

46.    In addition to causing damage to the Second Bitcoin ATM itself, Defendant Athena and/or its agents' actions caused substantial risk of theft by its reckless removal of the Second Bitcoin ATM, i.e., Plaintiff's property based upon the Assignment.  (**Exhibit E**).

47.    Defendant Athena has refused to terminate its relationship with Marathon Gas and/or the owner/possessor of the Anderson Premises and allow the Second Bitcoin ATM to remain operable on the Anderson Premises.

48.    As consideration under the Placement Agreement, Plaintiff's assignor Just Digital agreed to pay $400.00 per month for a Lease Fee.

49.    Under the Placement Agreement, Plaintiff, as assignee of Just Digital, is entitled to $2,500.00.

50.    At the time of Athena's interference with the business relationship between Just Digital and Marathon, there were six (6) months remaining on the current term of the Placement Agreement with two (2) thirty-six (36) months successive renewals. (**Exhibit D**, ¶ 8).

51.    On December 11, 2023 and March 19, 2024, counsel for Plaintiff sent demand letters to Defendant Athena demanding removal of the Athena Bitcoin ATM from the Anderson Premises and advising of damage that had occurred to Plaintiff's property. (**Exhibit F**, Demand Letters).

52.    Therefore, as a result of Defendant Athena's actions, Plaintiff, as assignee of Just Digital, is entitled to $2,500.00.

**COUNT I**
**Breach of Contract**
**(as to Defendant Food Mart)**

53.     Plaintiff hereby re-alleges and incorporates each and every allegation set forth in Paragraphs 1 through 52 above as though fully set forth herein.

54.     Plaintiff and Defendant Food Mart executed the Agreement wherein Plaintiff would provide and service a Bitcoin ATM at the South Bend Premises for a monthly rental fee. (**Exhibit A**).

55.     The Agreement contained an exclusivity provision wherein Defendant would not permit the removal of Plaintiff's ATM or otherwise allow the installation of another ATM at the South Bend Premises during the term of the Agreement. (**Exhibit A**, §§ 4 and 5).

56.     Plaintiff has fully performed all of its obligations under the Agreement.

57.     Defendant Food Mart has breached its contractual obligations under the Agreement by permitting another Bitcoin ATM vendor to service the South Bend Premises and by permitting the removal of Plaintiff's Bitcoin ATM.

58.     Plaintiff has been damaged in excess of approximately $172,930.60 based on the liquidated damages calculation as stated in the Agreement.

59.     Defendant Food Mart is contractually liable for Plaintiff's attorney fees and costs incurred as a result of its default.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant R K City Food Mart, Inc, in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, and

reasonable attorney's fees most wrongfully incurred herein, plus an order requiring Defendant to place the Bitcoin ATM back at the South Bend premises in working order and to have Defendant Athena's Bitcoin ATM removed, together with any further relief as is appropriate under the circumstances.

## COUNT II
## Personal Guaranty
## (as to Defendant Singh)

60.     Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 59 as though fully set forth therein.

61.     As stated in paragraph 32 above, pursuant to the Guaranty, Defendant Singh personally guaranteed Defendant Food Mart's obligations under the Agreement to Plaintiff.

62.     More specifically, Defendant Singh agreed as follows:

Guarantor hereby, unconditionally and irrevocably guarantee (A) the complete and timely performance of Landlord's obligations under the Lease; and (B) all costs and expenses of collection (including reasonable attorney fees) incurred by Tenant in connection with the collection of this Personal Guaranty and enforcement of the Lease.

(*See* **Exhibit B**).

63.    In accordance with the terms of the Guaranty, Defendant Singh is personally responsible for compliance with the terms under the Agreement, as well and costs, and attorney's fees associated with the enforcement thereof.

64.    Despite demand, Defendants have failed and/or refused to correct the breach and have allowed damage to occur to Plaintiff's property.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Rawel ("Goldy") Singh, in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, and reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT III
## Tortious Interference With a Contractual Relationship
## (as to Defendant Athena and the South Bend Premises)

65.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 64 as though fully set forth therein.

66.    Plaintiff entered into the Agreement with Defendant Food Mart on or about July 1, 2021, for an initial term of sixty (60) months.  The Agreement gives Plaintiff two (2) successive renewal options.

67.    Pursuant to the Agreement, Plaintiff maintained, serviced and processed the Bitcoin ATM on the South Bend Premises.

68.    Defendant Athena knew or should have known of the Agreement when it intentionally solicited Defendant Food Mart to breach the Agreement. In fact, Athena had already received the December 2023 Demand Letter relative to the Anderson Premises when it took the same improper actions with the South Bend Premises.

69.    Defendant Athena's conduct was improper and unjustified.

70.    Defendant Athena's conduct was the direct and proximate cause of Defendant Food Mart's breach of the Agreement.

71.    As a result of Defendant Athena's conduct, Plaintiff has been damaged in an amount to be proven at trial, but no less than $75,000.00.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, and reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT IV
### Tortious Interference of Business Relation or Expectancy
### (as to Defendant Athena and the South Bend Premises)

72.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 71 as though fully set forth therein.

73.    Plaintiff entered into the Agreement with Defendant Food Mart on or about July 1, 2021, creating a business relationship and/or expectancy.

74.    This business relationship and/or expectancy had a reasonable likelihood of future economic benefit for Plaintiff, because the Agreement had an initial term of sixty (60) months.

75.    In or about March 2024, a representative of Defendant Athena entered the South Bend Premises with the purpose of enticing Defendant Food Mart into breaching its contract with Plaintiff.

76.    Defendant Athena knew or should have known of the business relationship and/or

expectancy at this time.

77.    Defendant Athena intentionally and improperly interfered with this business relationship and/or expectancy.

78.    Defendant Athena's conduct caused Defendant Food Mart to disrupt the business

relationship or expectancy.

79.    Plaintiff has been damaged as a direct and proximate result of Defendant Athena's

conduct.

80.    As a result of Defendant Athena's conduct, Plaintiff has been damaged in an amount to be proven at trial, but no less than $75,000.00.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, and reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

### COUNT V
### Tortious Interference With a Contractual Relationship
### (as to Defendant Athena and the Anderson Premises)

81.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 80 as though fully set forth therein.

82.    Plaintiff's assignor Just Digital entered into the Placement Agreement with Marathon Gas on or about November 10, 2020, for an initial term of six (6) months with three (3)

successive automatic renewals of thirty-six (36) months.

83.    Pursuant to the Agreement, Plaintiff's assignor Just Digital maintained, serviced and processed the Second Bitcoin ATM on the Anderson Premises.

84.    Defendant Athena knew or should have known of the Placement Agreement when it intentionally solicited Marathon Gas to breach the Placement Agreement in or about November 2023.

85.    Defendant Athena's conduct was improper and unjustified.

86.    Defendant Athena's conduct was the direct and proximate cause of Marathon Gas' breach of the Placement Agreement.

87.    As a result of Defendant Athena's conduct, Plaintiff has been damaged in an amount to be proven at trial, but no less than $75,000.00.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, and reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT VI
### Tortious Interference of Business Relation or Expectancy
### (as to Defendant Athena and the Anderson Premises)

88.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 87 as though fully set forth therein.

89.    Plaintiff's assignor Just Digital entered into the Placement Agreement with Marathon Gas on or about November 10, 2020, creating a business relationship and/or expectancy.

90.    This business relationship and/or expectancy had a reasonable likelihood of future

economic benefit for Plaintiff, because the Placement Agreement had an initial term of six (6) months followed by three (3) additional renewal periods of thirty-six (36) months.

91.    In or about November 2023, a representative of Defendant Athena entered the Anderson Premises with the purpose of enticing Marathon Gas into breaching its contract with Plaintiff's assignor, Just Digital.

92.    Defendant Athena knew or should have known of the business relationship and/or

expectancy at this time.

93.    Defendant Athena intentionally and improperly interfered with this business relationship and/or expectancy.

94.    Defendant Athena's conduct caused Marathon Gas Food Mart to disrupt the business relationship or expectancy.

95.    Plaintiff has been damaged as a direct and proximate result of Defendant Athena's

conduct.

96.    As a result of Defendant Athena's conduct, Plaintiff has been damaged in an amount to be proven at trial, but no less than $75,000.00.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of

$75,000.00 plus accrued charges and fees, together with interest, costs, and reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT VII
## Statutory Conversion – All Defendants – South Bend Premises

97.     Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 95 as though fully set forth therein.

98.     Defendants concealed, embezzled or converted Plaintiff's property, the Bitcoin ATM, and the area exclusive for its placement and use, to their own use in violation of MCLA 600.2919a(1)(a).

99.     Defendants converted Plaintiff's property, the Bitcoin ATM and the area exclusive

for its placement and use, when they physically removed the Bitcoin ATM from

the South Bend Premises and damaged same in order to make room for Defendant

Athena's Bitcoin ATM.

100.    As a result, Plaintiff has been damaged in an amount in excess of $75,000.00, in

addition to attorney fees, costs and interest.  Plaintiff is entitled to treble damages

under MCLA 600.2919.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendants, pursuant to MCLA 600.2919, in an amount in

excess of $75,000.00 plus accrued charges and fees, together with interest, costs, reasonable attorney's fees most wrongfully incurred herein, and treble damages, together with any further relief as is appropriate under the circumstances.

## COUNT VIII
## Common Law Conversion – All Defendants – South Bend Premises

101.   Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 100 as though fully set forth therein.

102.   Defendants wrongfully exerted dominion over Plaintiff's property in denial of

Plaintiff's rights by damaging and removing Plaintiff's Bitcoin ATM, and asserting dominion and control over the area exclusive for its placement and use.

103.   Defendants removed and damaged Plaintiff's property without Plaintiff's

consent, and have not made payment for Plaintiff's property, i.e., the Bitcoin ATM.

104.   As a result, Plaintiff has been damaged in an amount in excess of $75,000.00, in

addition to attorney fees, costs and interest.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendants, in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, reasonable attorney's fees

most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT IX
## Statutory Conversion – Defendant Athena – Anderson Premises

105.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 104 as though fully set forth therein.

106.    Defendant Athena concealed, embezzled or converted Plaintiff's property, the

Second Bitcoin ATM, and the area exclusive for its placement and use, to its own use in violation of MCLA 600.2919a(1)(a).

107.    Defendant Athena converted Plaintiff's property, the Bitcoin ATM and the area

exclusive for its placement and use, when it physically removed the Bitcoin ATM from the Anderson Premises and damaged same in order to make room for Defendant Athena's Bitcoin ATM.

108.    As a result, Plaintiff has been damaged in an amount in excess of $75,000.00, in addition to attorney fees, costs and interest.  Plaintiff is entitled to treble damages under MCLA 600.2919.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., pursuant to MCLA 600.2919, in an amount in excess of $75,000.00 plus accrued charges and fees,

together with interest, costs, reasonable attorney's fees most wrongfully incurred herein, and treble damages, together with any further relief as is appropriate under the circumstances.

## COUNT X
## Common Law Conversion – Defendant Athena – Anderson Premises

109.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 108 as though fully set forth therein.

110.    Defendant Athena wrongfully exerted dominion over Plaintiff's property in denial

of Plaintiff's rights by damaging and removing Plaintiff's Second Bitcoin ATM

and asserting dominion and control over the area exclusive for its placement and

use.

111.    Defendant Athena removed and damaged Plaintiff's property without Plaintiff's

consent, and has not made payment for Plaintiff's property, i.e., the Second Bitcoin

ATM.

112.    As a result, Plaintiff has been damaged in an amount in excess of \$75,000.00, in

addition to attorney fees, costs and interest.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of

$75,000.00 plus accrued charges and fees, together with interest, costs, reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT XI
### Trespass to Chattels – All Defendants – South Bend Premises

113.   Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 112 as though fully set forth herein.

114.   Defendants exercised wrongful dominion and/or control over Plaintiff's Bitcoin ATM at the South Bend Premises by physically removing same from the premises and drilling into the locks and destroying same.

115.    Defendants' actions denied Plaintiff its rights in the Bitcoin ATM and were

inconsistent with Plaintiff's use of the Bitcoin ATM at the South Bend Premises.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendants, in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT XII
### Trespass to Chattels – Defendant Athena – Anderson Premises

116.   Plaintiff hereby realleges and incorporates the allegations contained in

Paragraphs 1 through 115 as though fully set forth herein.

117.    Defendant Athena exercised wrongful dominion and/or control over Plaintiff's

Second Bitcoin ATM at the Anderson Premises by physically removing same from the premises and drilling into the locks and destroying same.

118.    Defendant Athena's actions denied Plaintiff its rights in the Second Bitcoin ATM and were inconsistent with Plaintiff and its assignor's use of the Second Bitcoin ATM at the Anderson Premises.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment for Plaintiff and against Defendant Athena Bitcoin, Inc., in an amount in excess of $75,000.00 plus accrued charges and fees, together with interest, costs, reasonable attorney's fees most wrongfully incurred herein, together with any further relief as is appropriate under the circumstances.

## COUNT XIII
## Injunctive Relief – Defendants R K City Food Mart, Inc. and Athena Bitcoin, Inc. – South Bend Premises

119.    Plaintiff hereby realleges and incorporates the allegations contained in paragraphs 1 through 118 as though fully set forth herein.

120.    This Court has authority, under Michigan Court Rules, to grant requests for

injunctive relief by a party in a civil action.  See MCR 3.310.

121.    Without the issuance of injunctive relief, Defendants Food Mart and Athena will

continue to interfere with an unlawfully impeded Plaintiff's business relation or

expectancy, resulting in further damage and frustration of Plaintiff's use of its

Bitcoin ATM.

122.    Plaintiff has suffered irreparable harm that will continue to occur without

issuance of an injunction.

123.    Plaintiff is likely to prevail on the merits of the claims outlined herein.

124.    Plaintiff will suffer harm in the absence of an injunction that far exceeds

the harm that issuance of an injunction would cause to Defendants.

125.    The public interest will be harmed if injunctive relief is not granted.

126.    For these reasons, it is appropriate for this Court to issue injunctive

relief.

WHEREFORE, Plaintiff requests that this Court enter an order enjoining

Defendants RK City Food Mart, Inc. and Athena Bitcoin, Inc. from: (1) further use

of Defendant Athena's Bitcoin ATM at the South Bend Premises; and (2) further use

of any other Bitcoin ATM that is not managed and operated by Plaintiff.  Plaintiff

further requests that this Court enter an order requiring Defendants to remove the competing Bitcoin ATM from the South Bend Premises.

Respectfully submitted,

MADDIN HAUSER ROTH & HELLER, P.C.

*/s/ Deborah S. Lapin*
DEBORAH S. LAPIN (P59027)
ANDREW M. CREAL (P83806)
*Co-Counsel for Plaintiff*
28400 Northwestern Hwy., Suite 200
Southfield, MI 48034
(248) 354-4030
dlapin@maddinhauser.com
acreal@maddinhauser.com

Deborah A. Miller Law

*/s/ Deborah A. Miller*
Deborah A. Miller (P81863)
*Co-Counsel for Plaintiff*
1660 N. Telegraph Road
Dearborn, MI 48128
(313) 254-5456
debrahmillerlaw@gmail.com

Dated: June 21, 2024

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

DIGITAL ACCESS, LLC ) 
a Michigan Limited Liability Company, )
 )
 ) Case No.:
 ) Hon.
                      Plaintiff, )
v. )
 )
 )
R K CITY FOOD MART, INC. )
an Indiana For-Profit Corporation, )
RAWEL ("GOLDY") SINGH, an individual, and )
ATHENA BITCOIN, INC, )
a California Corporation, )
 )
                      Defendants. )
_____

## JURY DEMAND

Plaintiff, DIGITAL ACCESS, LLC hereby demands a jury for all claims

triable thereto.

Respectfully submitted,

MADDIN  HAUSER  ROTH  &  HELLER,
P.C.

*/s/ Deborah S. Lapin*
DEBORAH S. LAPIN (P59027)
ANDREW M. CREAL (P83806)
*Co-Counsel for Plaintiff*
28400 Northwestern Hwy., Suite 200
Southfield, MI 48034

(248) 354-4030
dlapin@maddinhauser.com
acreal@maddinhauser.com


Deborah A. Miller Law

/s/ *Deborah A. Miller*
Deborah A. Miller (P81863)
*Co-Counsel for Plaintiff*
1660 N. Telegraph Road
Dearborn, MI 48128
(313) 254-5456
debrahmillerlaw@gmail.com


Dated: June 21, 2024